UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STELLA BULOCHNIKOV STOLPER, and WIKKED ENTERTAINMENT, INC., <br><br> Plaintiffs <br><br> - against - <br><br> FELIX SATER and KALSOM KAM, <br><br> Defendants. | Civil Action No. <br><br> **COMPLAINT** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff Stella Bulochnikov Stolper ("Stolper") and Wikked Entertainment, Inc. ("Wikked," together with Stolper "Plaintiffs"), by their attorneys, Pryor Cashman LLP, as and for their Complaint against defendants Felix Sater ("Sater") and Kalsom Kam ("Kam," together with Sater, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. In 2017, Plaintiff Stella Bulochnikov reconnected with an old acquaintance from her childhood Felix Sater. Stolper extended generosity, confidence and trust to Defendant Felix Sater by permitting him to be a guest in her family home. Stolper later extended this same generosity, confidence and trust to Sater's assistant, Kalsom Kam.

2. In late 2018, after becoming frustrated and suspect with Sater and Kam taking advantage of her hospitality, Stolper demanded that Sater and Kam remove themselves from her home and cease meddling in her business and personal affairs.

3. Shortly thereafter, Stolper was shocked and devastated to learn that Sater and Kam had created unauthorized electronic methods of backdoor access to all of the data on her computers and digital devices, and were using those backdoors to access and misappropriate all of Wikked's confidential, proprietary and valuable business files, as well as all of Stoloper's separate business files and all of her personal files and photos relating to her and her family.

1

4. Through this action, Plaintiffs seek to hold Sater and Kam accountable for their willful and malicious hacking and misappropriation of valuable electronically stored property, invasions of privacy, breach of confidential relations, and to permanently enjoin any further unauthorized access or use of plaintiffs' confidential computer information, together with a mandatory injunction directing Defendants to turn over all copies of all electronically stored information misappropriated by Defendants from Plaintiffs' computers, smart phones and other digital devices.

## THE PARTIES

5. Plaintiff Stella Bulochnikov Stolper is a successful content creator, developer, television producer and entrepreneur. Stolper was the Senior Vice President of Talent and Development at Viacom from in or about 2003 through 2008, and is a Golden Globes' nominee for her creative and successful works. Plaintiff is an individual domiciled in Calabasas, California.

6. Plaintiff Wikked Entertainment, Inc. is a California Corporation with a principal place of business in Calabasas, California. Wikked is a successful production company associated with various television and music properties.

7. Defendant Felix Sater is a natural person who, upon information and belief, is domiciled in the state of New York.

8. Defendant Kalsom Kam is a natural person who, upon information and belief, is domiciled in the state of New York.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction because Plaintiffs' claims arise under the Computer Fraud And Abuse Act, 18 U.S.C. § 1030 *et. seq*, and the Stored Communications Act, 18 U.S.C. § 2701 *et seq.* Accordingly, the Court has original jurisdiction under 28 U.S.C. § 1331.

10. The Court also has subject matter jurisdiction under 28 U.S.C. § 1332 as this action is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interests and costs.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

12. As a child growing up in Brooklyn, New York, Stolper became friends with Regina Sater, Defendant Sater's sister. Through Sater's sister, Stolper became acquainted with Felix Sater.

13. Stolper and Sater lost touch for many years, but reconnected in November of 2017 at a funeral.

14. At that time, Stolper was experiencing feelings of personal and professional vulnerability. Sater took advantage of Stolper's delicate emotional state and their shared history, and began spending more and more time with Stolper.

15. Sater sought to leverage Stolper's substantial connections in the entertainment industry, and requested that Stolper make introductions for him so that Sater could pitch media endeavors based upon his own turbulent life story.

16. Sater began spending more and more time in Los Angeles, and was frequently a guest at Stolper's home during these visits.

17. Around this time, Sater introduced Stolper to his associate, Defendant Kalsom Kam. Kam operated as Sater's personal assistant and information technology consultant. Kam also frequently traveled with Sater or on Sater's behalf, including numerous trips to Los Angeles. During those visits, Kam also was a guest at Stolper's home.

18. This arrangement continued for several months, during which Sater and Kam, having induced and lulled Stolper's trust and confidence, frequently had access to Stolper's home even while Stolper was not there.

19. By the Fall of 2018, the relationship between Stolper and Sater had deteriorated. In particular, Stolper became frustrated and suspect with Sater's and Kam's increasingly lengthy stays at her home, and with their increased meddling in her business, professional and personal affairs. Finally, Stolper demanded that Sater and Kam permanently leave her home.

20. On or around October 26, 2018, Sater and Kam finally vacated Stolper's home for the last time.

21. Upon information and belief, in November 2018, Plaintiffs discovered that at some point, without her knowledge or authorization, Kam had created a form of electronic backdoor access for himself and Sater to remotely access Plaintiffs' computers and devices, including those used for the business of Wikked Entertainment and for Stolpher's separate business and personal affairs. Plaintiffs further discovered that Kam and Sater had continued to access Plaintiffs' computers and devices via the unauthorized backdoor remote access, even after Defendants were directed to leave her home.

22. Upon information and belief, Defendants misappropriated virtually all of Wikked and Stolper's digital and electronic files. For Wikked, such files include, but are not limited to, contracts with studios and talent, client deals and correspondence, confidential client information, scripts, treatments, contracts, and other protected intellectual property. For Stolper, such files include, but are not limited to, her own show ideas not yet marketed, intellectual property she created, submissions to studios, production companies and networks, confidential conversations with business associates, original business ideas and materials related to her endeavors in the

entertainment industry, contracts, television scripts and other intellectual property, as well as her personal correspondence, personal mementos (such as photographs of her family), text messages iChat's, financial records, and other personal confidential information.

23. Plaintiff is still investigating the full scope of Defendants' misappropriation, deletion, tampering, and other interference with her digital files via Defendants' unauthorized backdoor access, and as of this date, remains unaware of the full scope of such unauthorized access.

24. To investigate the scope of Defendants' unauthorized access, accurately catalogue what materials have been misappropriated, and secure their devices from further incursions or digital attacks by Defendants, Plaintiffs have been forced to spend over $5,000 dollars to engage computer security and forensic experts.

## FIRST CAUSE OF ACTION
### Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030
**(Against All Defendants)**

25. Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

26. Plaintiffs' computers are used for business purposes and are involved in interstate commerce and communication, and thus are protected computers under 18 U.S.C. § 1030(e)(2).

27. Defendants willfully and intentionally accessed Plaintiffs' computers and smart devices without authorization in or around October and November 2018.

28. Defendants used hacks, backdoors, and other nefarious electronic means to access Plaintiffs' computers and smart devices, and misappropriated, copied and converted valuable, unauthorized information from Plaintiffs' computers and smart devices, including but not limited to confidential client information, scripts, treatments, contracts, and other intellectual property.

29. As a direct and proximate consequence of the foregoing, Plaintiffs have undertaken various investigative and remedial measures to secure their devices and prevent further

unauthorized incursions and thereby sustained a "loss" in excess of $5,000 during a one-year period within the meaning of 18 U.S.C. § 1030(c)(4)(i)(I).

30. 18 U.S.C. § 1030(g) confers a private right of action in favor of any person, including, any firm or corporation, who suffers loss or damage within the meaning of the Act.

31. Accordingly, Plaintiffs are entitled to damages in an amount to be determined at trial but in no event less than $75,000, as well as injunctive relief 1) prohibiting Defendants from any additional unauthorized access of Plaintiffs' computers or digital devices and from using, maintaining, disclosing, and/or disseminating Plaintiffs' proprietary information garnered through such unauthorized access: and 2) directing Defendants to turn over all copies of all electronically stored information and property misappropriated by Defendants from Plaintiffs' computers, smart phones and devices.

## SECOND CAUSE OF ACTION
### Violation of the Stored Communications Act, 18 U.S.C. §§ 2701, 2707
**(Against All Defendants)**

32. Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

33. Defendants intentionally accessed, without authorization, the facilities through which Plaintiffs' electronic communication services are provided.

34. Defendants obtained, copied, altered, misappropriated and converted, via unauthorized access, Plaintiffs' electronic communications while in electronic storage, including but not limited to, emails, chats, and text messages.

35. Defendants' unauthorized access and acts set forth herein were willful and intentional, for the purpose of Defendants' own commercial advantage and/or private commercial gain.

6

36. As a direct and proximate result of Defendants' actions, Plaintiffs have undertaken various investigative and remedial measures to secure their devices and prevent further unauthorized incursions and thereby suffered actual damages.

37. Accordingly, Plaintiffs are entitled to damages in an amount to be determined at trial but in no event less than $1,000 per violation, along with reasonable attorneys' fees and costs in an amount to be determined after trial, and punitive damages in an amount to be determined at trial but in no event less than $1,000,000.

38. Plaintiffs are further entitled to equitable relief 1) enjoining and restraining Defendants from any further access of Plaintiffs' computers or digital devices and from using, maintaining, disclosing, and/or disseminating Plaintiffs' proprietary information garnered through such unauthorized access; and 2) directing Defendants to turn over all copies of all electronically stored information and property misappropriated by Defendants from Plaintiffs' computers, smart phones and devices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment as follows:

A. A permanent injunction enjoining Defendants from (i) accessing, obtaining, modifying, or deleting information on any of Plaintiffs' computers or digital devices and (ii) using, maintaining, disclosing, and/or disseminating Plaintiffs' proprietary information garnered through such unauthorized access.

B. A mandatory injunction directing Defendants to turn over all copies of all electronically stored information misappropriated by Defendants from Plaintiffs' computers, smart phones and devices;

7

C. Awarding Plaintiffs compensatory damages in an amount to be proven at trial but in no event less than $75,000 and consequential and punitive damages in an amount to be determined at trial, but in no event less than $1,000,000 plus statutory attorneys' fees and costs;

D. Awarding such other and further relief which as to this Court may seem just and proper.

Dated: New York, New York
March 1, 2019

                                  PRYOR CASHMAN LLP

                                  By: _____
                                       Perry M. Amsellem
                                       pamsellem@pryorcashman.com
                                       Michael B. Adelman
                                       madelman@pryorcashman.com
                                7 Times Square
                                New York, New York 10036-6569
                                Telephone: (212) 421-4100
                                Facsimile: (212) 326-0806

                                *Attorneys for Plaintiff Stella Bulochnikov Stolper*