UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| STELLA BULOCHNIKOV STOLPER, and WIKKED ENTERTAINMENT, INC., Plaintiffs  - against -  FELIX SATER and KALSOM KAM, Defendants. | Civil Action No. 19-cv-01241-WFK-LB  **STIPULATION OF SETTLEMENT AND DISMISSAL** |
|---|---|

THIS STIPULATION OF SETTLEMENT AND DISMISSAL (the "Stipulation") is made as of July __19__, 2019 (the "Effective Date") between Plaintiffs Stella Bulochnikov Stolper ("Stolper") and Wikked Entertainment, Inc. ("Wikked," together with Stolper "Plaintiffs"), and Defendants Felix Sater ("Sater") and Kalsom Kam ("Kam," together with Sater, "Defendants"). Stolper, Wikked, Sater, and Kam may each be referred to as a "Party" or "Parties."

IT IS HEREBY STIPULATED AND AGREED by and between the Parties that the above-captioned matter shall be settled and dismissed on the following terms:

1. **Payment by Defendants**

Sater shall cause to be paid to Plaintiffs the sum of FIFTY THOUSAND DOLLARS ($50,000.00) (the "Settlement Payment"). The Settlement Payment shall be paid in two installments. The first installment shall be for twenty-five thousand ($25,000), which shall be deducted out of the July, 2019 installment payment as of the Effective Date required to be paid to Sater pursuant to that certain settlement agreement between Plaintiffs and Sater dated November 25, 2018 (the "Prior Settlement"). The second installment shall be for twenty-five thousand ($25,000) which shall be deducted out of the final installment payment due under the Prior Settlement. The Settlement Payment shall be accepted by Plaintiffs in full satisfaction of Plaintiffs' claims alleged in this complaint, in the draft amended complaint dated April 1, 2019, which was

1

not filed with the Court and which was sent to Defendants' counsel on or about March 28, 2019 (the "Amended Complaint") and all claims related to such pleadings and any claims of Plaintiffs that Sater is in breach of the Prior Settlement.

2. **Return and/or Destruction of Plaintiffs' Documents and Files**

    (a) Within two business days of the signing of this Stipulation, Defendants shall each return to Plaintiffs' counsel all electronic files acquired from Plaintiffs or from Plaintiffs' computers or digital devices that currently reside on any portable, local, digital storage in Defendants' possession, custody or control (*e.g.*, external hard drive, USB key, etc.).

    (b) Following the return of electronic files as required pursuant to Section 2(a) above, and in no event latter than two business days following such return, Sater and Kam shall each delete all electronic files which are in the possession, custody or control of Sater and/or Kam which were acquired from Plaintiffs' computers or from any of Plaintiffs' other digital devices that reside on any of Sater's and/ or Kam's computers, tablets, smartphones, on any cloud storage service (*e.g.*, Dropbox) or other devices using a secure deletion method.

    (c) Following the return and destruction of electronic files as required pursuant to Sections 2(a) and 2(b) above, and in no event latter than two business days following the destruction of such electronic files, to the extent Defendants have not already done so, they each shall relinquish access credentials to any shared cloud storage or FTP server which also has access to Plaintiffs' computers or other digital devices.

    (d) Within six business days of the signing of this Stipulation, Defendants will take all other reasonably necessary measures to ensure the return and/or deletion of

Plaintiffs' digital files comprised of any documents or information or communications belonging to Plaintiffs or containing Plaintiffs' confidential information, including but not limited to personal correspondence, personal mementos (such as photographs of Stolper's family), text messages, iChat's, financial records, and other personal confidential information. The Parties acknowledge that they previously discussed collaborating on certain projects in the entertainment industry, including but not limited to concepts pertaining to Russian organized crime. The parties further acknowledge that they are now each independently developing projects in the entertainment industry, including but not limited to concepts pertaining to Russian organized crime. The Parties shall each retain their respective rights to their respective proprietary intellectual property and each Party shall otherwise remain free and unencumbered from pursuing their own entertainment projects that utilize their own intellectual property or that utilize abstract, unprotectable concepts such as Russian organized crime.

(e) Notwithstanding any of the obligations under sub-paragraphs (a)-(d) of this section, it is expressly understood that Sater's retention of communications directed to Sater from Stolper, and directed to Stolper from Sater, *e.g.*, direct text messages or emails with both Stolper and Sater as visible, listed recipients, shall not constitute a violation of Sater's obligation to return and/or destroy Plaintiffs' files.

(f) Upon Sater and Kam complying with the obligations set forth above in Sections 2 (a), (b), (c) and (d), and with the signed stipulation of Settlement and Dismissal being held in escrow by Plaintiff's counsel, Defendants shall within six days of signing this Stipulation of Settlement and Dismissal execute the attached affidavits.

This Stipulation of Settlement and Dismissal shall not be effective unless and until Plaintiffs receive the executed Sater and Kam affidavits. The Affidavits accompanying this Stipulation are expressly made part hereof and shall be given the same force and effect as if they were included within the body of this Stipulation. On the same day that this Section 2 (a) through (d) and (f) has been complied with by Defendants, Plaintiffs shall cause a fully executed copy of the Stipulation of Settlement and Dismissal to be filed with the Court and to be So Ordered by the Judge.

3. **Plaintiffs' Release of Sater and Kam**

Except for the rights and obligations created under this Stipulation, Plaintiffs each hereby release and discharge Defendants and their respective heirs, executors, administrators, successors, assigns, officers, directors, shareholders and counsel from any and all known and unknown actions, causes of action, suits, debts, demands, covenants, contracts, agreements, promises, damages, liabilities and claims of any kind, nature or description, at law or in equity from the beginning of the world through the date of this Release, including but not limited to: (i) the claims made in the Complaint; (ii) the claims made in the draft Amended Complaint, (iii) any claims that Sater breached the Prior Settlement and (iv) any and all claims in any way based directly or indirectly upon, facts, events, transactions or occurrences related, alleged, embraced by or otherwise referred to at any time in the Complaint or the Amended Complaint. Except to the extent set forth in this Stipulation, this release does not release, modify, novate, discharge or extinguish the terms of any debt, contract, or other obligation of Defendants towards Plaintiffs.

4. **Sater and Kam's Release of Plaintiffs**

Except for the rights and obligations created under this Stipulation, Defendants each hereby release and discharge Plaintiffs and their respective heirs, executors, administrators, successors,

assigns, officers, directors, shareholders and counsel from any and all known and unknown actions, causes of action, suits, debts, demands, covenants, contracts, agreements, promises, damages, liabilities and claims of any kind, nature or description, at law or in equity from the beginning of the world through the date of this Release, including but not limited to: (i) the claims made in the Complaint; (ii) the claims made in the Amended Complaint, and (iii) any and all claims in any way based directly or indirectly upon, facts, events, transactions or occurrences related, alleged, embraced by or otherwise referred to at any time in the Complaint or in the Amended Complaint. Except to the extent set forth in this Stipulation, this release does not release, modify, novate, discharge or extinguish the terms of any debt, contract, or other obligation of Plaintiffs towards Sater or Kam. For the avoidance of doubt, the Parties acknowledge that the Prior Settlement remains enforceable and in effect, and that Plaintiffs shall continue to make payments thereunder, subject only to the modifications of Paragraph 1 of this Stipulation and that Defendant reserve all rights and claims arising under the Prior Settlement.

## 5. **Binding Effect**

This Stipulation is binding on and inures to the benefit of any successors, assigns, or other legal representatives of the Parties.

## 6. **Injunctive Relief**

The Parties represent, warrant, and agree to the unique nature of Paragraph 2 of this Stipulation and understand and agree that Plaintiffs will suffer irreparable harm in the event that either Defendant fails to comply with any of the obligations of Paragraph 2 and that monetary damages may be inadequate to compensate the Plaintiffs for such material breach. Accordingly, the Defendants hereby agree that a material breach of Paragraph 2 will, in addition to any other remedies available Plaintiffs at law or in equity, entitle Plaintiffs to injunctive relief

7. **Attorneys' Fees and Collection Fees**

In the event that either party commencing litigation to enforce the terms of this Stipulation, the prevailing party in such proceeding shall be entitled to an award of damages and reasonable attorneys' fees, costs, and expenses, including such fees and expenses incurred in proving a claim for attorneys' fees under this agreement and for collecting all sums due hereunder.

8. **Non-Waiver**

No delay in exercising any right hereunder shall be construed as a waiver of said right. A waiver of right may only occur upon a specific written waiver executed by the Party waiving said right.

9. **Severability**

Wherever possible, each provision of this Stipulation is to be interpreted in such manner as to be effective and valid under applicable law, but if any provision hereof is prohibited by or invalidated under any such law, such determination of invalidity will apply only to that provision, without invalidating or nullifying the remainder of this Stipulation.

10. **Choice of Law**

This Stipulation shall be governed, construed and interpreted in accordance with the substantive laws of the State of New York without regard to New York's conflict of laws rules.

11. **Entire Agreement; No Oral Modification**

The provisions, terms and conditions of this Stipulation may not be waived, altered, abridged, modified, or amended, except by an instrument in writing, duly executed by the Parties.

12. **Authority**

The undersigned Parties hereby represent that each has authority to execute this Stipulation and to carry out their respective obligations.

13. **Counterparts**

EXECUTION VERSION

This Stipulation may be executed in counterparts by facsimile or scanned PDF, each of which shall be deemed an original, but all of which together shall constitute the same instrument.

## 14. Retention of Jurisdiction

This Court shall retain jurisdiction over all persons and entities subject to this Stipulation to the extent necessary to enforce any obligations arising hereunder.

## 15. Confidentiality, Non-Disparagement, and Press Release

Defendants agree that each of them shall keep confidential and shall not disclose any description or summary of the contents of all Plaintiffs' documents and files. On the same day as the filing of the Stipulation of Settlement and Dismissal with the Court, Plaintiffs shall issue a press release through PR Newswire stating as follows:

> Wikked Entertainment, Inc. and Stella Bulochnikov have discontinued their action against Felix Sater and Kalsom Kam. Defendants vehemently denied the allegations of the Complaint. The parties acknowledge that the lawsuit arose out of a misunderstanding and that there was no wrongdoing by any of the parties.

The Parties agree that they will make no statements to any third parties regarding this litigation or settlement other than the Press Release, and that in response to any inquiry, the Parties shall direct any third-party to the Press Release and otherwise decline to comment.

IN WITNESS WHEREOF, the Parties hereto have executed this Stipulation with effect on the date set forth in the first paragraph hereof.

| Wikked Entertainment, Inc. | Stella Bulochnikov a/k/a Stella Stolper |
|---|---|
| By:_____ | _____ |
| Stella Bulochnikov a/k/a Stella Stolper | Individually |
| Title:_____ | |

harm in the event that either Defendant fails to comply with any of the obligations of Paragraph 2 and that monetary damages may be inadequate to compensate the Plaintiffs for such material breach. Accordingly, the Defendants hereby agree that a material breach of Paragraph 2 will, in addition to any other remedies available Plaintiffs at law or in equity, entitle Plaintiffs to injunctive relief

**7. Attorneys' Fees and Collection Fees**

In the event that either party commencing litigation to enforce the terms of this Stipulation, the prevailing party in such proceeding shall be entitled to an award of damages and reasonable attorneys' fees, costs, and expenses, including such fees and expenses incurred in proving a claim for attorneys' fees under this agreement and for collecting all sums due hereunder.

**8. Non-Waiver**

No delay in exercising any right hereunder shall be construed as a waiver of said right. A waiver of right may only occur upon a specific written waiver executed by the Party waiving said right.

**9. Severability**

Wherever possible, each provision of this Stipulation is to be interpreted in such manner as to be effective and valid under applicable law, but if any provision hereof is prohibited by or invalidated under any such law, such determination of invalidity will apply only to that provision, without invalidating or nullifying the remainder of this Stipulation.

**10. Choice of Law**

This Stipulation shall be governed, construed and interpreted in accordance with the substantive laws of the State of New York without regard to New York's conflict of laws rules.

**11. Entire Agreement; No Oral Modification**

The provisions, terms and conditions of this Stipulation may not be waived, altered, abridged, modified, or amended, except by an instrument in writing, duly executed by the Parties.

**12. Authority**

The undersigned Parties hereby represent that each has authority to execute this Stipulation and to carry out their respective obligations.

**13. Counterparts**

This Stipulation may be executed in counterparts by facsimile or scanned PDF, each of which shall be deemed an original, but all of which together shall constitute the same instrument.

**14. Retention of Jurisdiction**

This Court shall retain jurisdiction over all persons and entities subject to this Stipulation to the extent necessary to enforce any obligations arising hereunder.

**15. Confidentiality, Non-Disparagement, and Press Release**

Defendants agree that each of them shall keep confidential and shall not disclose any description or summary of the contents of all Plaintiffs' documents and files. On the same day as the filing of the Stipulation of Settlement and Dismissal with the Court, Plaintiffs shall issue a press release through PR Newswire stating as follows:

Wikked Entertainment, Inc. and Stella Bulochnikov have discontinued their action against Felix Sater and Kalsom Kam. Defendants vehemently denied the allegations of the Complaint. The parties acknowledge that the lawsuit arose out of a misunderstanding and that there was no wrongdoing by any of the parties.

The Parties agree that they will make no statements to any third parties regarding this litigation or settlement other than the Press Release, and that in response to any inquiry, the Parties shall direct any third-party to the Press Release and otherwise decline to comment.

IN WITNESS WHEREOF, the Parties hereto have executed this Stipulation with effect on the date set forth in the first paragraph hereof.

| Wikked Entertainment, Inc. | Stella Bulochnikov a/k/a Stella Stolper |
|---|---|
| By: _____ | _____ |
| Stella Bulochnikov a/k/a Stella Stolper | Individually |
| Title: _____ | |
| | |
| Felix Sater | Kalsom Kam |

Felix Sater

_____
Individually

Kalsom Kam

_____
Individually

SO ORDERED:

_____

Hon. William F. Kuntz, II
United States District Judge

EXECUTION VERSION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STELLA BULOCHNIKOV STOLPER, and
WIKKED ENTERTAINMENT, INC.,

    Plaintiffs

- against -

FELIX SATER and KALSOM KAM,

    Defendants.

Civil Action No. 19-cv-01241-WFK-LB

## DECLARATION OF FELIX SATER IN SUPPORT OF THE STIPULATION OF SETTLEMENT AND DISMISSAL

I, Felix Sater, declare as follows:

1. I am a Defendant in the above-captioned action.

2. I understand that Plaintiffs' Complaint alleges that I misappropriated digital files belonging to Stella Bulochnikov Stolper ("Stolper") and Wikked Entertainment, Inc. ("Wikked," and together with Stolper, "Plaintiffs"), which allegations I deny.

3. In order to settle and resolve the dispute between myself and Plaintiffs, I have agreed to take certain actions, memorialized under penalty of perjury herein.

4. Pursuant to Section 2 of this Stipulation: (a) I have returned to Plaintiffs' counsel all electronic files acquired from Plaintiff's computers or digital devices that currently reside on any portable, local, digital storage in my possession, custody or control (*e.g.*, external hard drive, USB key, etc.); (b) I thereafter deleted all electronic files that were in my possession, custody or control which were acquired from Plaintiffs' computers or from any of Plaintiffs' other digital devices using a secure deletion method; (c) To the extent that I had not previously done so, I have relinquished my access credentials to any shared cloud storage or FTP server which also has access to Plaintiffs' computers or other digital devices.

1

EXECUTION VERSION

5. Pursuant to Section 2 of this Stipulation, I have taken all other reasonably necessary measures to ensure the return and/or deletion of Plaintiffs' digital files comprised of any documents or information or communications belonging to Plaintiffs or containing Plaintiffs' confidential information, including but not limited to personal correspondence, personal mementos (such as photographs of Stolper's family), text messages, iChat's, financial records, and other personal confidential information.

6. I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this __19__ day of July, 2019.

_____
Felix Sater

EXECUTION VERSION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STELLA BULOCHNIKOV STOLPER, and
WIKKED ENTERTAINMENT, INC.,

Plaintiffs

- against -

FELIX SATER and KALSOM KAM,

Defendants.

Civil Action No. 19-cv-01241-WFK-LB

## DECLARATION OF KALSOM KAM IN SUPPORT OF THE STIPULATION OF SETTLEMENT AND DISMISSAL

I, Kalsom Kam, declare as follows:

1. I am a Defendant in the above-captioned action.

2. I understand that Plaintiffs' Complaint alleges that I misappropriated digital files belonging to Stella Bulochnikov Stolper ("Stolper") and Wikked Entertainment, Inc. ("Wikked," and together with Stolper, "Plaintiffs"), which allegations I deny.

3. In order to settle and resolve the dispute between myself and Plaintiffs, I have agreed to take certain actions, memorialized under penalty of perjury herein.

4. Pursuant to Section 2 of this Stipulation: (a) I have returned to Plaintiffs' counsel all electronic files acquired from Plaintiff's computers or digital devices that currently reside on any portable, local, digital storage in my possession, custody or control (*e.g.*, external hard drive, USB key, etc.); (b) I thereafter deleted all electronic files that were in my possession, custody or control which were acquired from Plaintiffs' computers or from any of Plaintiffs' other digital devices using a secure deletion method; (c) To the extent that I had not previously done so, I have relinquished my access credentials to any shared cloud storage or FTP server which also has access to Plaintiffs' computers or other digital devices.

1

5. Pursuant to Section 2 of this Stipulation, I have taken all other reasonably necessary measures to ensure the return and/or deletion of Plaintiffs' digital files comprised of any documents or information or communications belonging to Plaintiffs or containing Plaintiffs' confidential information, including but not limited to personal correspondence, personal mementos (such as photographs of Stolper's family), text messages, iChat's, financial records, and other personal confidential information.

6. I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this __19__ day of July, 2019.

_____
Kalsom Kam